IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **BAKER STERCHI COWDEN & RICE L.L.C.,**  )<br>)<br>)<br>**Plaintiff,**  )<br>)<br>**v.**  )<br>)<br>**TRI-ANIM HEALTH SERVICES, INC.,**  )<br>)<br>)<br>**Defendants.**  )<br>) | **CIVIL ACTION**<br><br>**Case No. 07-2503-CM** |

## MEMORANDUM AND ORDER

Plaintiff filed this action for breach of contract, promissory estoppel, and quantum meruit. Three weeks before plaintiff filed this action, defendant filed a case against plaintiff in the United States District Court for the Central District of California. In that action, defendant asserts claims for breach of contract and declaratory judgment. The matter is before the court on defendant's Motion to Stay this Action (Doc. 13) and plaintiff's Rule 40.1 Motion to Transfer Judicial Assignment (Doc. 10). Because the first-to-file rule controls the issues, defendant's motion to stay proceedings is granted and plaintiff's motion to transfer is denied without prejudice as moot.

As part of the inherent power to control its docket, the district court has the power to stay proceedings pending before it. *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *Pet Milk Co. v. Ritter*, 323 F.2d 586, 588 (10th Cir. 1963); *Barton Solvents, Inc. v. Sw. Petro-Chem, Inc.*, 836 F. Supp. 757, 763 (D. Kan. 1993). The power will be used within the discretion of the court to provide economy of time and effort for itself, and for counsel and litigants appearing before the court. *Landis,* 299 U.S. at 254; *Barton Solvents,* 836 F. Supp. at 763.

Federal courts have developed a general rule to apply to situations in which essentially the

same issues and litigants are involved in two substantially identical causes of action before federal courts in different districts. The first-to-file rule provides that the court where jurisdiction first attaches should make the determination of the appropriate venue to decide the case, and the second court will decline to act until proceedings in the first court terminate. *See Cessna Aircraft Co. v. Brown*, 348 F.2d 689, 692 (10th Cir. 1965). The principle underlying the rule is to avoid duplicative litigation. Substantial similarity in the parties and issues is sufficient to invoke application of the rule. *See Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1485 (10th Cir. 1983).

The court finds that judicial economy will be served by granting defendant's motion to stay. Only one court—the one in which the action was first filed—will decide which venue is proper. A decision to stay the proceedings before this court will also substantially reduce the time and economic burden on the parties by eliminating the need to engage in similar but divergent discovery and motion practice before two courts simultaneously.

The immediate question before the court is not whether venue is proper in the District of Kansas or the Central District of California, but which court should decide those issues. The first-to-file rule is designed to control situations such as this. Either court has the power to decide the issues, but judicial economy requires that only one make the decision—the one in which jurisdiction first attached. The court stays all proceedings in this case pending final termination of the proceedings pending in the Central District of California.

Because the court stays this case, it need not decide plaintiff's motion to transfer. The court denies it without prejudice as moot.

**IT IS THEREFORE ORDERED** that defendant's Motion to Stay this Action (Doc. 13) is

granted.  All proceedings in this matter are stayed pending final termination of the proceedings pending in the Central District of California.  The parties shall keep the court informed of the disposition of those proceedings.

**IT IS FURTHER ORDERED** that plaintiff's Rule 40.1 Motion to Transfer Judicial Assignment (Doc. 10) is denied without prejudice as moot.

Dated this 13th day of March 2008, at Kansas City, Kansas.

                                  **s/ Carlos Murguia**
                                  **CARLOS MURGUIA**
                                  **United States District Judge**