# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **BAKER STERCHI COWDEN & RICE L.L.C.,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**TRI-ANIM HEALTH SERVICES, INC.,** )<br>)<br>**Defendants.** )<br>) | **CIVIL ACTION**<br><br>**Case No. 07-2503-CM** |

## MEMORANDUM AND ORDER

Plaintiff filed this action for breach of contract, promissory estoppel, and quantum meruit. The matter is before the court on plaintiff's Motion to Transfer Judicial Assignment (Doc. 27).

Plaintiff asks the court to transfer this case to Judge Vratil pursuant to District of Kansas Local Rule 40.1 because this case involves a fee dispute arising out of plaintiff's representation of defendant in a complex lawsuit over which Judge Vratil presided (the "underlying suit").

D. Kan. Rule 40.1 provides:

> The business of the court and the assignment of cases to the judges is the responsibility of the chief judge. In the interest of justice or to further the efficient disposition of the business of the court, a judge may return a case to the clerk for reassignment or, with the approval of the chief judge, may transfer the case to another judge who consents to such transfer.

Plaintiff claims that because Judge Vratil is familiar with the claims, legal issues, discovery, evidence, motions, and arguments in the underlying suit, transfer would further the efficient disposition of the case and economize judicial resources.

The court appreciates plaintiff's concern for judicial efficiency and economy, but determines that a transfer is not necessary or appropriate in this case. Defendant is the only party common to both actions, and the legal issues differ in this action from those that Judge Vratil addressed in the

underlying suit. Here, the case involves an agreement to provide legal services. The underlying suit involved the termination of a distribution agreement between defendant and a company who is not a party to this action. The court is confident that it can resolve the issues in this suit in an efficient manner without wasting judicial resources.

**IT IS THEREFORE ORDERED** that plaintiff's Motion to Transfer Judicial Assignment (Doc. 27) is denied.

Dated this 11th day of July 2008, at Kansas City, Kansas.

    **s/ Carlos Murguia**
    **CARLOS MURGUIA**
    **United States District Judge**